NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1037n.06

No. 10-1509

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Sep 28, 2012*
DEBORAH S. HUNT, Clerk

TERENCE GRAY,                                    )
                                                 )
    Petitioner-Appellant,                  )          ON APPEAL FROM THE
                                                 )          UNITED STATES DISTRICT
v.                                               )          COURT FOR THE EASTERN
                                                 )          DISTRICT OF MICHIGAN
HUGH WOLFENBARGER, Warden,                       )
                                                 )
    Respondent-Appellee.                   )
                                                 )

BEFORE:  MERRITT, McKEAGUE, and STRANCH, Circuit Judges.

PER CURIAM.  Terence Gray, a Michigan prisoner, appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254.  As set forth below, we affirm.

In 2004, a jury convicted Gray of armed robbery, possession of a firearm by a felon (felon in possession), and possession of a firearm during the commission of a felony (felony firearm).  Gray's convictions arose from the armed robbery of a Dollar Mart in Detroit; the owner of the Dollar Mart identified Gray as the robber.  The Wayne County Circuit Court sentenced Gray as a second habitual offender to concurrent terms of fifteen to forty-five years for armed robbery and thirteen to ninety months for felon in possession and a consecutive term of two years for felony firearm.  Gray's convictions were affirmed on direct appeal.  *People v. Gray*, Nos. 257139, 257140, 2005 WL 3478161 (Mich. Ct. App. Dec. 20, 2005), *appeal denied*, 715 N.W.2d 887 (Mich. 2006).

Gray then filed the instant habeas petition, asserting the same three claims that he raised on direct appeal: (1) the denial of his right to testify, (2) unduly suggestive pretrial identification procedures, and (3) lack of probable cause for his arrest. A magistrate judge recommended that Gray's habeas petition be denied. Over Gray's objections, the district court adopted the magistrate judge's report and recommendation and dismissed Gray's habeas petition. Gray timely appealed. This court appointed counsel and granted a certificate of appealability as to the following issue: "Whether the trial court's refusal to allow Gray to testify as a sur-rebuttal witness violated Gray's constitutional right to testify on his own behalf."

We review de novo the district court's judgment dismissing Gray's habeas petition. *Pudelski v. Wilson*, 576 F.3d 595, 607 (6th Cir. 2009). Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court may grant habeas relief with respect to a claim that was adjudicated on the merits in a state court proceeding only if the state court's adjudication resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)—(2).

Gray argues that the state court's determination that he had no constitutional right to testify on surrebuttal was contrary to and involved an unreasonable application of the United States Supreme Court's holding in *Rock v. Arkansas*, 483 U.S. 44, 51-53 (1987), that a criminal defendant has a constitutional right to testify on his own behalf. After the defense rested, the prosecution called a rebuttal witness to introduce Gray's notice of alibi, which conflicted with the testimony of his alibi

witnesses regarding his whereabouts when the armed robbery occurred.  Asserting that the notice of alibi listed Gray's old address on Traverse Street, defense counsel asked to call Gray as a witness to testify when he last lived at that address.  The trial court denied Gray's request to testify on surrebuttal.  On direct appeal, the Michigan Court of Appeals held that the trial court did not abuse its discretion in denying Gray's request, stating:  "Because Gray did not avail himself of the opportunity to address these discrepancies [between the alibi notice and the alibi witnesses' testimony] and bolster his alibi defense on redirect, we conclude that he was not entitled to present further evidence regarding the matter on surrebuttal and that there was no abuse of discretion." *Gray*, 2005 WL 3478161, at *4.  The Michigan Court of Appeals further held that the trial court's denial of Gray's request to present surrebuttal testimony regarding the last time he lived at the address in the alibi notice did not implicate his constitutional right to testify and that even if it did, the error was harmless given the overwhelming evidence of his guilt.  *Id.* at *5 & n.15.

In *Rock*, the Supreme Court held that a criminal defendant has the constitutional right to testify on his own behalf, but it qualified that holding by stating that "the right to present relevant testimony is not without limitation" and "may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process."  483 U.S. at 55 (internal quotation marks omitted). The Court noted that "[n]umerous state procedural and evidentiary rules control the presentation of evidence and do not offend the defendant's right to testify."  *Id.* at 55 n.11.  The Court, however, cautioned that "restrictions of a defendant's right to testify may not be arbitrary or disproportionate to the purposes they are designed to serve.  In applying its evidentiary rules a State must evaluate

whether the interests served by a rule justify the limitation imposed on the defendant's constitutional right to testify." *Id*. at 55-56.

The Supreme Court held in *Rock* that a per se rule excluding a defendant's hypnotically refreshed testimony impermissibly infringed on a defendant's right to testify, stating that "[a] State's legitimate interest in barring unreliable evidence does not extend to *per se* exclusions that may be reliable in an individual case." *Id*. at 61-62. Gray argues that, in holding that he did not have a constitutional right to testify on surrebuttal, the Michigan Court of Appeals established a per se rule and "failed to perform the constitutional analysis that is necessary when a defendant's right to testify is at stake." *Id*. at 58. Gray's argument ignores the individualized analysis performed by the Michigan Court of Appeals in holding that the trial court did not abuse its discretion in denying his request to testify on surrebuttal. The Michigan Court of Appeals did not adopt an arbitrary rule and instead pointed out that, in this case, Gray had the opportunity to address the discrepancies between the notice of alibi and the testimony of the alibi witnesses on redirect and that "[i]t was not until the prosecution introduced rebuttal evidence of Gray's alibi notice that defense counsel requested to address the incorrect information in the alibi notice." *Gray*, 2005 WL 3478161, at *4. Gray has failed to demonstrate that the decision of the Michigan Court of Appeals was contrary to, or involved an unreasonable application of, the Supreme Court's decision in *Rock*.

Even if the denial of Gray's request to testify on surrebuttal impermissibly infringed his constitutional right to testify, any error did not have "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (internal quotation marks omitted). Gray asserts that the notice of alibi confused the jury because, shortly after

deliberations began, the jury asked a question about the address listed in the notice: "Where is Traverse located (approximate distance away from Dollar Store)?" According to Gray, the trial court should have allowed him to testify on surrebuttal to correct the notice of alibi. But Gray's alibi witnesses had already testified that he was present at his home on Alcoy Street on the day of the robbery and had denied on cross-examination that Gray was at the Traverse address. Gray's surrebuttal testimony that he no longer lived at the Traverse address would have been cumulative.

Furthermore, the evidence of Gray's "guilt was, if not overwhelming, certainly weighty." *Brecht*, 507 U.S. at 639. The owner of the Dollar Mart, who interacted with the robber for approximately five minutes, most of that time in close proximity, testified that he was "[a hundred] percent" certain that Gray was the person who robbed him, noting in particular Gray's unusual eyes and his build. *Gray*, 2005 WL 3478161, at *3. Within minutes of the robbery, the police located Gray, who matched the robber's description and was wearing a gray hooded sweatsuit like the robber, at his house four blocks away from the Dollar Mart and confiscated $167 from him, approximately the same amount that was taken from the Dollar Mart. *Id*. at *2. In light of the evidence against Gray, the trial court's denial of his request to testify on surrebuttal did not have substantial and injurious effect or influence on the jury's verdict. Hence, even if the denial of Gray's request were deemed an abuse of discretion, the error was harmless.

For the foregoing reasons, we AFFIRM the district court's denial of Gray's habeas petition.